UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| ZACHARY DAVID DEVEAU | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:14-cv-00444-JAW |
| | ) | |
| YORK COUNTY JAIL, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION**

In this action, Plaintiff purports to assert a claim against the York County Jail and an unidentified administrator. Plaintiff also filed an application to proceed *in forma pauperis*, which application the Court granted.

When a party is proceeding *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that … (B) the action … (ii) fails to state a claim on which relief may be granted …" 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under 28 U.S.C. § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Mallard v. U.S. Dist. Ct. S.D. Iowa*, 490 U.S. 296, 307-308 (1989) ("Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.")

Fed. R. Civ. P. 8(a)(2) provides that a complaint "must contain … a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff alleges: "Improper application of administrative remedy. Result pain suffering. Neglect. Unusual treatment. Many civil right violations." (Compl. ¶ IV, ECF No. 1.) Because Plaintiff did not allege any facts to

support his bald assertions of "neglect," "unusual treatment," and "many civil rights violations," Plaintiff's complaint was susceptible to dismissal upon review in accordance with 28 U.S.C. § 1915(e)(2)(B). Nevertheless, before considering dismissal further, on November 7, 2014, the Court, after identifying the deficiency in Plaintiff's complaint, granted Plaintiff the opportunity to amend his complaint. (Order, ECF No. 4.) In its order, the Court also wrote: "If Plaintiff intends to proceed with his claim, he must amend his complaint on or before November 21, 2014. If Plaintiff fails to amend his complaint, or if any amendment that Plaintiff files does not state a claim upon which relief can be granted, Plaintiff's complaint could be dismissed." (*Id.* at 2.)

A review of the record reveals that as of the date of this Order, which is more than two weeks after the deadline by which Plaintiff was required to file an amended complaint, Plaintiff has not amended the complaint. Although a *pro se* plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint must at a minimum allege sufficient *facts* to state a claim. *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (the liberal standard for *pro se* plaintiffs "is not to say that *pro se* plaintiffs are not required to plead basic facts sufficient to state a claim.")

Despite the fact that the Court informed Plaintiff of the need to amend his complaint, and although the Court advised Plaintiff of the consequence of his failure to amend his complaint, Plaintiff has not asserted any facts to support his very general allegations. Plaintiff, therefore, has failed to state a claim upon which relief can be granted. Accordingly, in accordance with 28 U.S.C. § 1915(e)(2)(B), the recommendation is that the Court dismiss Plaintiff's complaint.

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of

being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 9th day of December, 2014.